UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   12-60162CR-WILLIAMS

UNITED STATES OF AMERICA,

-vs-

WILSON DAVID OTALVARO,
            Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF VARIANCE OR DOWNWARD DEPARTURE

The Defendant, through counsel, presents this Sentencing Memorandum in which he will request that the Defendant be given a non incarcerative sentence.

The Defendant pled guilty to the Indictment that was returned by the Grand Jury and a Presentence Report [PSR] was ordered and prepared. Objections were filed addressing the safety valve. That issue was announced as resolved in the Addendum to the PSR and the Amended PSR now applies the safety valve and assessed the Defendant a minor role and thus, even without an expected 5K.1, the Defendant's guideline range is 30 to 37 months. Part E of the revised PSR addresses possible factors which may warrant a downward variance.

The Defendant submits that various other factors support a variance in this matter including what the Defendant believes will be a 5K.1.

The underlying crime in this matter occurred on September 24, 2010 and the Defendant was arrested on October 19, 2012.

The Defendant immediately cooperated with the police and was not arrested. Indeed he helped the police recover monies a week or so later and was advised by

Sunrise Detective James Hughes he would not be charged as a result of this assistance.

The Defendant went on with his life and his "rehabilitation" from the only real criminal act of his life, was accomplished through his job and his move to New Jersey where he was further attempting to further his life as he had expected and indeed was assured that aspect of his life that occurred in this instance was over, until he was suddenly arrested on October 19, 2012.

The analysis of the 3553 factors, as well as the factors involved in this case favor a non incarcerative sentence for the Defendant or at worst a split sentence of home confinement followed by probation.

## THE SENTENCING FACTORS OF 18 U.S.C. 3553(a) FAVOR A SENTENCE OF PROBATION

The Supreme Court and Circuit Courts across the country encourage sentencing courts to exercise great discretion in imposing a just and fair sentence. *See e.g., Spears v. United States*, 555 U.S. 261 (2009); *Rita v. United States*, 551 U.S. 338 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Booker*, 543 U.S. 220 (2005).  In exercising its utmost discretion to fashion an appropriate sentence, "the sentencing judge [must] consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue". *Koon v. United States*, 518 U.S. 81, 113 (1996).  The interesting issues that just this week the Department of Justice suggested drastic changes in drug sentencing.

### A. The Sentencing Guidelines should not be given more weight than the other factors of sentencing

Of course, following *Booker*, the District Court must impose a sentence in accordance with the factors set forth in 3553(a), of which the advisory United States Sentencing Guidelines "now serve as one fact among several [that] courts must consider in determining an appropriate sentence". *Kimbrough*, 552 U.S. at 90.

There is no presumption that the Guidelines' range is itself reasonable, and instead the sentencing court "must make an individualized assessment based on the facts presented". *Gall v. United States*, 552 U.S. 28 (2007) at 50. Indeed, the Supreme Court has specifically ruled that, in balancing the section 3553(a) factors, a District Court may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing". *Kimbrough*, 552 U.S. at 91. As Congress direct in 18 U.S.C. 3553(a), the fundamental principle of sentencing is that a Court "shall impose a sentence sufficient, but not greater than necessary" to meet specific sentencing goals, including the goal of just punishment. Thus, if a District Court were explicitly to conclude that two sentencing options equally served the statutory purpose of 3553, it could not . . . impose the higher. *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d. Cir. 2006). Thus, a term of imprisonment is "not an appropriate means of promoting corrections and rehabilitation" in every case. 18 U.S.C. 3582(a). In the instant case even the PSR preparer suggests a downward departure may be appropriate.

Analysis of the sentencing factors for the Defendant supports a non incarcerative sentence of some type. Importantly, the law does not require Mr. Otalvaro to show special reasons why his sentence should be below the Guidelines' range but even the probation department raised it as an issue. In *Gall*, the Supreme

Court rejected any requirement of a showing of "extraordinary circumstances" to justify a sentence below the Guidelines' range as "not consistent with our remedial opinion in *United States v. Booker*". *Gall*, 552 U.S. at 47. The Court explained that this approach "come[s] too close to creating an impermissible presumption of unreasonableness for sentences outside the Guideline range". *Id*. Requiring "extraordinary circumstances" to justify a below Guidelines' sentence would impermissibly elevate the Guidelines above the other factors articulated in 18 U.S.C. 3553. *Id*. In sum, in every case, a sentencing court must now consider all of the Section 3553(a) factors, not just the Guidelines in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

### B. The Sentencing Factors

The sentencing factors are more than a "laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overreaching principle" that the Court must consider "the entire constellation of section 3553(a) factors, include the need to avoid unwarranted disparity". *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008) (citations omitted). The tapestry of factors include: (1) the nature and circumstances of the offense and history and characteristics of the Defendant; (2) the need for the sentence imposed; (3) and (4) the kinds of sentence available and the Guidelines' range; (5) an pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among Defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a).

### C. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

A.   Nature of the offense

Like any Federal felony, this offense is serious. The offense the Defendant was found to have committed, however was nonviolent particularly as he was a "lookout". He presents no danger to the community. The Defendant has anguished over what occurred and immediately took steps to remedy is wrong.

The Defendant has been a law abiding person. He has no criminal history points. His actions in this case are an aberration of his normal behavior. The decision to provide "backup" in this case has shaken the Defendant.

### D. The Need for the Sentence Imposed

Any sentence imposed should, of course, reflect the seriousness of the crime, afford adequate deterrence to criminal conduct, protect the public from further crimes of the Defendant and provide any needed educational or vocational training. Mr. Otalvaro's good work, his entire work history, his dedication to his family and lack of criminal history demonstrate his respect for the law.

A split sentence or a sentence of probation is adequate to protect the public, as there is every indication that the Defendant will not be a repeat offender. In *Gall*, the Supreme Court rejected any notion that probation is not punishment. *Gall*, 552 U.S. at 48. "We recognize that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms. Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty". *Id*. "Probation is not granted out of a spirit of lenience . . . probation is not merely letting an offender off easily . . . the probation or parole conditions imposed on an individual can have a significant impact on both that person and society . . ." *Id*. at 49, fn 4. A sentence of probation reasonably addresses general deterrence in tax offense cases and such a sentence "imposes a substantial restriction of freedom". *Tomko*, 562 F.3d at 573.

Moreover, the Defendant's lack of criminal record and his post-conviction conduct demonstrate that he does not pose a significant threat of re-offending or otherwise endangering the public. It has not been shown by his prior conduct that he is in need of incarceration to prevent him from engaging in future criminal conduct. *United States v. Ontiveros*, 2008 WL 2937539 at *5 (E.D. Wis. 2008) (considering lack of criminal conduct important in below guidelines sentence). Everything about the Defendant's character and circumstances of this case make him unlikely to re-offend.

### E.  The Kinds of Sentences Available, the Guidelines Range, and Policy Statements

The advisory Guideline range is an offense level of 19 and, consequently, a sentencing guidelines range of 30 to 37 months incarceration. However, "the Guidelines are only of the factors to consider when imposing sentence, and 3553(a)(3) directs judges to consider sentences other than imprisonment", *Gall*, 552 U.S. at 59. A split sentence or a sentence of probation is a statutorily allowable sentence.

### CONCLUSION

For the foregoing reasons, the Defendant requests that the Court sentence Mr. Otalvaro to probation or to some home confinement. Such a sentence will allow him to continue to work and it will also allow him to continue to provide for himself.

WHEREFORE the Defendant would request that this Motion be granted.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 15th day of August, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record listed in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Mr. Bruce Brown, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33301

> FRED HADDAD, P.A.
> One Financial Plaza, Suite 2612
> Fort Lauderdale, Florida 33394
> Tel:   [954] 467-6767
> Fax:   [954] 467-3599
>
> By:___*/Fred Haddad_____
>         FRED HADDAD
>         Florida Bar No. 180891
>         Email: Dee@FredHaddadLaw.com